**FILED**
September 30, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: CM
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

M.H., BY NEXT FRIEND JENNIFER H., §
§
Plaintiff, §
v. § 5:26-CV-01807-MA
§
NEW BRAUNFELS INDEPENDENT §
SCHOOL DISTRICT, §
§
Defendant. §

**OPINION AND ORDER**

The Court now considers the Motion to Dismiss filed by Defendant New Braunfels Independent School District ("NBISD").[1] Having considered the motion, record, and relevant legal authorities, the Court hereby **GRANTS** NBISD's motion and **DISMISSES** this action **WITH PREJUDICE**.

## I. Factual and Procedural Background

This is an Individuals with Disabilities Education Act case. Plaintiff M.H., by next friend Jennifer H. ("Plaintiff") alleges that NBISD violated the statute by deciding to remove M.H., who has autism, to a more restrictive educational program without first exhausting reasonable in-place intervention and support strategies or affording M.H.'s mother, Jennifer H., a meaningful opportunity to participate in placement decision-making.[2]

Originally proceeding *pro se*, Plaintiff commenced this case and filed a motion to proceed *in forma pauperis* on March 20, 2026.[3] The Court granted Plaintiff's motion on April 9, 2026,[4] and

[1] Dkt. No. 16.
[2] Dkt. No. 7, at 2–4.
[3] Dkt. No. 1.
[4] Dkt. No. 6.

ordered Plaintiff to "submit to the Clerk's Office a fully completed United States Marshal Service Form 285 . . . for each Defendant required to be served."[5] Plaintiff did not submit this form.

On May 7, 2026, a Request for Issuance of Summons was filed requesting issuance of summons for "New Braunfels Independent School District, Superintendent Laurelyn Artebury, Executive Director of Special Education Nina Houston."[6] Therein, Defendant was advised to serve its answer or responsive motion to "Karen Dalglish Seal, Attorney, Mediator and Counselor at Law."[7] However, no notice of appearance by Counsel Seal was filed, nor did Counsel Seal make any other formal appearance on the record. Two months later, on July 23, 2026, the Court issued a Show Cause Order ordering Plaintiff to show cause as to why this action should not be dismissed without prejudice for failure to effect service in accordance with Federal Rule of Civil Procedure 4(m).[8]

On July 27, 2026, Counsel Seal, on behalf of Plaintiff, filed a Response to the Court's Show Cause Order.[9] Therein, Counsel Seal indicated that although Plaintiff's request for issuance of summons listed her as counsel, Plaintiff had submitted the request and prepared service before Counsel Seal agreed to represent her.[10] Counsel Seal further represented that, upon agreeing to take the case, she "checked the service which seemed to have been done properly," and did not realize that Plaintiff had served NBISD's attorneys rather than its superintendent until she "read the transcript of the hearing and had worked with one of the attorneys in June to develop a scheduling order," at which point she learned that NBISD had not been properly served.[11] Counsel Seal further stated that:

[5] Dkt. No. 6, at 2–6.
[6] Dkt. No. 10, at 1.
[7] Dkt. No. 10, at 1.
[8] Dkt. No. 13.
[9] Dkt. No. 14.
[10] Dkt. No. 14, at 2.
[11] Dkt. No. 14, at 2.

> [w]hen the attorneys made that statement [that NBISD had not been properly served] again, after I became the attorney of record, I made no note of the fact but I also noted that one of the attorneys and I had developed a scheduling order for this case. The attorneys for [NBISD] had made an appearance [] when we worked together on the scheduling order. The attorneys drafted, signed[,] and filed a joint proposed scheduling order. A judge has issued an order based on the scheduling order.[12]

As to the deficient service, Counsel Seal represented that she prepared proper service to be effected on the superintendent of NBISD on July 27, 2026, and that the superintendent "[wa]s anticipating service directly to her" that same day.[13]

This July 27, 2026 response contained numerous representations inconsistent with the existing record, which reflected that no appearance by NBISD had been made; no hearings had been held; no proposed scheduling order has been filed; and no scheduling order has issued. The Court entered an Order on July 30, 2026, ordering Counsel Seal to explain the inconsistencies contained within her response within five (5) days.[14] However, noting Counsel Seal's representations that NBISD's superintendent was "anticipating" service, the Court extended Plaintiff's deadline to effectuate service from July 8, 2026, to August 26, 2026.[15]

Counsel Seal failed to file a response to the Court's July 30, 2026 Order. On August 12, 2026, NBISD filed the instant Motion to Dismiss.[16] In its motion, NBISD requests that the Court dismiss this action under Federal Rules of Civil Produce 4(m) and 12(b)(5) "due to Plaintiff's failure to timely serve NBISD . . . ."[17] Plaintiff filed no response, and the matter is ripe for consideration.

---

[12] Dkt. No. 14, at 2.
[13] Dkt. No. 14, at 3.
[14] Dkt. No. 15, at 4.
[15] Dkt. No. 15, at 4.
[16] Dkt. No. 16.
[17] Dkt. No. 16, at 2.

## II. Analysis

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[18]

When considering a Rule 12(b)(5) motion brought for failure to effect timely service, it is "irrelevant that the defendant not served . . . later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve [timely]."[19]

Plaintiff served NBISD through its superintendent on July 27, 2026. [20] At the time service was made, it was timely under the Court's July 30, 2026 Order, which extended Plaintiff's deadline to serve NBISD to August 26, 2026.[21] The Court granted that extension in part based on Counsel Seal's representations that NBISD was already aware of this action, that NBISD's attorneys had participated in efforts to prepare a scheduling order, and that NBISD's superintendent was anticipating service.[22]

NBISD now disputes those representations. Although it acknowledges receipt of service through its superintendent on July 27, 2026, NBISD maintains that neither NBISD nor any attorney representing it had notice of this action before that date.[23] NBISD further asserts that it did not appear in this case, participate in a hearing, prepare or file a proposed scheduling order, or otherwise coordinate with Plaintiff's counsel concerning this litigation.[24] NBISD therefore

---

[18] Fed. R. Civ. P. 4(m).
[19] *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305–06 (5th Cir.1985)).
[20] Dkt. No. 16-1, at 1.
[21] Dkt. No. 15, at 4.
[22] Dkt. No. 15, at 4.
[23] Dkt. No. 16, at 3 n.1.
[24] Dkt. No. 16, at 2–3.

contends that the July 27, 2026 service was untimely because good cause did not exist to grant an extension beyond the original Rule 4(m) service deadline.[25]

Counsel Seal has provided no explanation for the inconsistencies contained in her July 27, 2026 filing, despite the Court's July 27, 2026 Order requiring Counsel Seal to provide an explanation for these discrepancies. Plaintiff has filed no response to the contentions made by NBISD in the instant motion. An order extending time for service is interlocutory and may be revised before final judgment.[26] In light of the material discrepancies between Plaintiff's representations and the record, and Plaintiff's failures to address them, the Court reconsiders its July 30, 2026 Order, and finds that good cause did not exist for the extension granted therein. Accordingly, the Court **VACATES** the portion of its July 30, 2026 Order extending Plaintiff's service deadline as to NBISD.

Without the now-vacated extension, Plaintiff did not serve NBISD within Rule 4(m)'s 90-day period, nor has she demonstrated good cause for that failure. The sole explanation offered by Counsel Seal for this failure that has not been contested by NBISD is that Counsel Seal did not discover the service defect upon undertaking representation.[27] The Court finds that this service defect would have been readily apparent upon counsel's retention by communicating with Plaintiff, or through a diligent review of the docket and service materials, and accordingly finds this explanation insufficient to establish good cause under Rule 4(m).[28]

---

[25] Dkt. No. 16, at 4–5. NBISD further asserts that Rule 4(m) requires dismissal unless Plaintiff establishes good cause for the untimely service. Dkt. No. 16, at 3–5. That is not entirely correct. Rule 4(m) requires the Court to extend the service period upon a showing of good cause, but, absent good cause, permits the Court either to dismiss without prejudice or to grant a discretionary extension of time. *See* FED. R. CIV. P. 4(m); *see also Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

[26] FED. R. CIV. P. 54(b).

[27] Dkt. No. 14, at 3.

[28] *Newby*, 284 F. App'x at 149 (*Winters*, 776 F.2d at 1306) (holding that, in the contexts of extension for time to effectuate service, "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice . . . ."); *see also Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990) (declining to find good cause where "had a diligent inquiry been made, counsel could have discovered that service was not made.").

The Court likewise declines to grant a further discretionary extension. Plaintiff was advised in the Court's April 9, 2026 Order of the steps required to accomplish service through the United States Marshal. Plaintiff did not submit a completed Form USM-285 or timely effect service through any other means. After the Court issued its Show Cause Order, Plaintiff's counsel made representations concerning NBISD's purported notice of and participation in this action that were inconsistent with the docket and which are now directly controverted by NBISD in the instant motion. The Court specifically ordered counsel to explain those discrepancies. Neither Plaintiff nor Counsel Seal responded to that Order, nor did Plaintiff respond to NBISD's Motion to Dismiss. Under these circumstances, the Court finds no reasonable basis to afford Plaintiff a service extension.

The Court recognizes that the applicable limitations period has expired and that a dismissal without prejudice will therefore have the practical effect of a dismissal with prejudice. "[W]here the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice."[29] Under that standard, dismissal is warranted only upon a clear record of delay or contumacious conduct, an express determination that lesser sanctions would not better serve the interests of justice, and, ordinarily, the presence of at least one aggravating factor.[30] The customary aggravating factors are: "(1) delay caused by the plaintiff herself and not her attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."[31] However, "It

---

[29] *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir.1976)).
[30] *Id.* at 326–27.
[31] *Id.* at 326.

is not [the court's] function to create exceptions to the rule for cases in which dismissal without prejudice may work prejudice in fact . . . ."[32]

The Court finds that this heightened standard is satisfied here. Plaintiff herself failed to comply with the Court's April 9, 2026 Order requiring submission of the completed USM-285 form, even while she was proceeding *pro se*, and the ensuing delay caused by her non-compliance cannot be attributed exclusively to counsel. Moreover, Plaintiff and counsel were afforded notice of Plaintiff's service deficiency, an opportunity to show cause, and a separate opportunity to explain the material discrepancies in counsel's response when Counsel Seal's first answer was found to include materially inaccurate discrepancies. The Court finds that this record reflects more than any single, isolated service mistake committed by counsel alone.

The Court also expressly finds that lesser sanctions would not serve the interests of justice. The Court already employed lesser measures by notifying Plaintiff of the service deficiency, providing an opportunity to show cause, extending the service deadline based on the representations of Plaintiff's counsel, and ordering a focused explanation of the discrepancies in Counsel Seal's filing. Those measures did not result in a timely, supported explanation or meaningful compliance with the Court's Orders. The Court finds that monetary sanctions are likewise not an adequate alternative, particularly given Plaintiff's *in forma pauperis* status. Finally, and critically, Plaintiff has filed no response whatsoever to NBISD's Motion to Dismiss. This motion was filed on August 12, 2026. Plaintiff's response was due on August 26, 2026. More than thirty days have elapsed since then with no action by Plaintiff.

Accordingly, the Court finds that dismissal is warranted.

---

[32] *Newby*, 284 F. App'x at 150 (quoting *Norlock v. City of Garland,* 768 F.2d 654, 658 (5th Cir.1985)) (internal citations omitted).

## Holding and Conclusion

For the foregoing reasons, Defendant New Braunfels Independent School District's Motion to Dismiss[33] is **GRANTED**. Plaintiff's claims against New Braunfels Independent School District are **DISMISSED WITH PREJUDICE** pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5).

This case is **TERMINATED**, and the Clerk of Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

DONE this 30th day of September, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

[33] Dkt. No. 16.